UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEPHEN E. WILLIAMS,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-08-00057-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 15, 2008. (Ct. Rec. 10, 12). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David M. Blume represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 4.) On September 3, 2008, plaintiff filed a reply. (Ct. Rec. 14.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 12) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 10.)

**JURISDICTION**

Plaintiff filed an application for disability insurance benefits (DIB) on September 21, 2004, alleging onset as of April 1, 1998. (Tr. 47-51.) The application was denied initially and

on reconsideration. (Tr. 41-42, 44-46.) Administrative Law Judge (ALJ) Richard A. Say held a hearing on August 25, 2006. (Tr. 287-315.) Plaintiff, represented by counsel, his spouse, and vocational expert Jill Dempsey testified. On September 12, 2006, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 24.) The Appeals Council denied a request for review on December 21, 2007. (Tr. 5-7.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 7, 2008. (Ct. Rec. 1.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 37 years old at onset and 45 at the hearing. He has a high school education and has worked as a spring assembler, automobile mechanic’s helper, commercial cleaner, kitchen helper, and repairer of automotive generators and starters. (Tr. 291, 307-308.) He suffered a back injury in March of 1993 and alleges disability as of April 1, 1998, due to back pain, left shoulder pain, and, as of 2001, HIV. (Tr. 53, 199.) Plaintiff testified he can sit for 10 to 15 minutes, stand 10 minutes, walk about 100 yards, and lift 2 to 3 pounds. (Tr. 297-299.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability"

as the “inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed

impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which

plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset the ALJ found plaintiff was last insured through December 31, 2001, for purposes of his DIB claim. (Tr. 18.) He was therefore required to establish disability prior to this date. The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 18.) At steps two and three, the ALJ found that plaintiff suffers from back pain and HIV, impairments that are severe but do not meet or medically equal the requirements of the Listings[1]. (Tr. 18-19.)

[1] The ALJ notes Listing 14.08A does not apply to HIV here because there is no medical evidence of mycobacterium kansasii anywhere except the lungs (Tr. 19, 119), an uncontested finding.

After finding plaintiff not fully credible, the ALJ determined plaintiff has the RFC to perform a range of sedentary work. (Tr. 22.) At step four, the ALJ found a person with plaintiff's impairments and background could not perform his past relevant work. (Tr. 22.) At step five, relying on the vocational expert, the ALJ found plaintiff is able to perform other work such as final assembler and order clerk. (Tr. 23.) The ALJ found plaintiff not disabled. (*Id*.)

**ISSUE**

Plaintiff contends that the Commissioner erred as a matter of law when he assessed plaintiff's credibility; this in turn led to an inadequate assessment of the medical evidence and plaintiff's RFC. (Ct. Rec. 11 at 12-17.) The Commissioner responds that the ALJ relied on medical evidence, as well as daily activities and lack of motivation, when he found plaintiff less than fully credible. The Commissioner asserts that because the ALJ's reasons for the credibility determination are clear, convincing and supported by the evidence, the assessment of the medical evidence and RFC are also without error, and the court should affirm the ALJ's decision. (Ct. Rec. 13 at 6-9.)

**DISCUSSION**

**Assessing plaintiff's credibility**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment

which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

The ALJ evaluated plaintiff's credibility and found him less than fully credible. (Tr. 20-21.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the c1aimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility, including the April 26, 2001, report by treating

doctor Daniel Moullet, D.O., roughly five months before the date plaintiff was last insured:

> As you know, he is a 40-year old white male who around the first of the year [2001] was found to have an interstitial diffuse pneumonitis. Ultimately, this was shown to be Mycobacterium kansasii. At that time, he was found to be HIV positive with CD-4 count of 10 and relatively high viral load. His Mycobacterium kansasii was initially treated with five anti-mycobacterial agents but has now been paired down to isoniazid and rifampin. These medicines were stopped on 3/05/01 and was [sic] switched to ethamutol and Mycobutin. He was started on HIV medicines, Norvir, Combivir and Agenerase. The Norvir only to potentiate the Agenerase. He is also on preventative Diflucan and Bactrim.
>
> . . . Since initiation of the therapies he is tired and weak but his shortness of breath and cough have improved markedly. [Plaintiff] . . . denies headache. He has occasional nausea with his medicine but does not have a problem with vomiting or diarrhea. He has no rashes
>
> . . .
>
> [Plaintiff] smokes a pack of cigarettes a day. . . . He does quite a bit of work around the house.

(Tr. 111, referred to by the ALJ at Tr. 20.)

The ALJ observes that nausea and vomiting do not appear significant until 2005, four years after plaintiff's last insured date. (Tr. 20, referring to Exhibit 8F at 3.) The ALJ is correct that the medical evidence does not support plaintiff's statements concerning the intensity, persistence and limiting effects of symptoms of nausea and vomiting as alleged. Similarly, with respect to back pain, the ALJ notes objective evidence prior to the date last insured indicates only mild degenerative changes. (Tr. 21, referring to Exhibit 6F/1, 1F/23, 24.) More than minimal degenerative changes did not appear on an MRI until 2003 (Tr. 126), two years after the last insured date. The ALJ relies on the 2005 MRI showing moderate degenerative changes (Tr. 21,

referring to Exhibit 10F/9-14), but because it also significantly post-dates the last insured date, any error is harmless.

The ALJ noted the lack of any medical evidence supporting plaintiff's complaint at the hearing of left shoulder pain. (Tr. 21, referring to Tr. 294-295.) In October of 1987, the ALJ points out a treating physician reported decreased range of motion in plaintiff's *right* shoulder. Plaintiff said it hurt for a couple of days, he had been working on building his own home, and doing a lot of chopping. (Tr. 21, citing Exhibit 5F/2 at Tr. 202.) The ALJ accurately observes that there no medical evidence of a severe impairment in either shoulder during the period at issue. (Tr. 21.)

The ALJ relied on plaintiff's inconsistent descriptions of his daily activities. As noted in Dr. Moullet's April 2001 letter, eight months before plaintiff's insurance expired, he reported he was doing a lot of work around the house. (Tr. 111.) On May 10, 2001, plaintiff felt well. (Tr. 21, referring to Exhibit 1F at 5.) It was not until September 27, 2001, that plaintiff complained of severe fatigue, joint pain, and a burning sensation in his face. (*Id*., referring to Exhibit 1F at 7.) The ALJ observes plaintiff did not complain of any of these symptoms at the hearing. (Tr. 21.)

The ALJ relied on plaintiff's apparent poor motivation when assessing credibility:

> The claimant has also made statements to Dr. Moullet about wanting to be declared disabled. In August of 2003, he told Dr. Moullet he wanted to be found disabled because he could not bend over to work on vehicles which he said was his occupation (Exhibit 2F/7). Dr. Moullet explained to the claimant there was no significant evidence of radiculopathy and that he did not meet the

> criteria for disability (Exhibit 2F/7). Again in March of 2005, the claimant told Dr. Moullet he wanted to be declared disabled so he could 'go fishing and enjoy life a little bit.' When Dr. Moullet pointed out to the claimant that if he can fish then he can certainly work, the claimant stated 'he should just become a couch potato' (Exhibit 11F/4)[at Tr. 249]. This latter admission to Dr. Moullet is certainly an indication the claimant feels he can perform more physical activities than he alleges.

(Tr. 20-21.)

Not noted by the ALJ but consistent with his reasoning is the following notation by Dr. Moullet dated August 1, 2006:

"He [Plaintiff] thinks he is disabled, therefore he will not have to go out and get firewood this year or continue to work on engines, as he is a mechanic."

(Tr. 262.)

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons for finding

plaintiff's allegations not fully credible. The ALJ's assessment of the medical and other evidence is supported by the record and free of legal error.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 4th day of February, 2009.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE